UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PETER SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>V.A. OAKLAND REGIONAL OFFICE, et al.,<br><br>Defendants. | Case No. 19-cv-03143-EMC<br><br>**ORDER OF DISMISSAL**<br>Docket No. 1 |

Joseph Peter Sanchez, an inmate at Salinas Valley State Prison, filed this action seeking a writ of mandamus against the Oakland Veterans' Affairs regional office.

Mr. Sanchez alleges that he is a veteran of the Gulf War who was in a unit in that war that "was given insecticides and pyridostigmine bromide (B.P. pills) to protect [soldiers] from chemical warfare," and thereafter developed Gulf War illness. Docket No. 1 at 2. He further alleges that the 2012 report from the Research Advisory Committee on Gulf War Veterans Illness (RACGWVI) concluded that the exposure to the insecticides and P.B. pills caused the illness and recommended, among other things, that vets flood their nasal cavities with a saline fluid. *Id.* Mr. Sanchez has tried a different saline solution than that recommended by the RACGWVI and has had positive results. *Id.*

In the present action, Mr. Sanchez seeks a writ of mandamus to compel the Oakland Veterans' Affairs regional office to (1) authorize another Gulf War registry exam for him, and (2) mail to the RACGWVI a label from a saline solution that Mr. Sanchez used with success and that he believes is a cure that other veterans will want to know about.

The federal mandamus statute provides that "[t]he district courts shall have original

1    jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

2    United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

3          The petition must be dismissed for two separate reasons. First, the claim seeking another

4    registry exam must be dismissed for lack of jurisdiction. Claims regarding veterans' benefits fall

5    within the exclusive purview of the U.S. Court of Appeals for Veterans Claims and the Court of

6    Appeals for the Federal Circuit. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th

7    Cir. 2012). A registry exam would qualify as a veterans' "benefit" as that term is defined in 38

8    C.F.R. § 20.3(e), which provides: "Benefit means any payment, service, commodity, function, or

9    status, entitlement to which is determined under laws administered by the Department of Veterans

10   Affairs pertaining to veterans and their dependents and survivors." This Court lacks jurisdiction to

11   issue a writ of mandamus compelling the Oakland Veterans' Affairs regional office to authorize

12   another Gulf War registry exam for Mr. Sanchez. His only judicial recourse, if any, would be in

13   the U.S. Court of Appeals for Veterans Claims and the Court of Appeals for the Federal Circuit.

14         Second, the claim seeking to compel the Oakland Veterans' Affairs regional office to mail

15   a label from a saline solution container to the RACGWVI does not support mandamus relief

16   because Mr. Sanchez could simply mail the label to the RACGWVI himself. Mandamus relief is

17   only available to compel an officer of the United States to perform a duty if: (1) the plaintiff's

18   claim is clear and certain; (2) the duty of the officer is nondiscretionary, ministerial and so plainly

19   prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Agua*

20   *Caliente Tribe v. Sweeney*, 932 F.3d 1207, 1216 (9th Cir. 2019) (citing *Patel v. Reno*, 134 F.3d

21   929, 931 (9th Cir. 1997)); *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986). Because Mr.

22   Sanchez has the adequate and available remedy of mailing the label himself, a writ of mandamus

23   Is not appropriate to compel the Oakland Veterans' Affairs regional office to mail it for him. Even

24   ///

25   ///

26   ///

27   ///

28   ///

2

1   if that was not considered an adequate remedy, Mr. Sanchez has not alleged facts showing he has

2   Article III standing to compel the mailing of the label – he wants to help other veterans but does

3   not allege any injury to him as a result of the label not being mailed to the RACGWVI.

4       For the foregoing reasons, this action is dismissed.  The Clerk shall close the file.

6   **IT IS SO ORDERED**.

8   Dated: December 12, 2019

_____
EDWARD M. CHEN
United States District Judge

3